**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT H. TAYLOR JR., Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>THE CHEMOURS COMPANY, MARK NEWMAN, JONATHAN LOCK, CAMELA WISEL, and SAMEER RALHAN,<br><br>            Defendants. | Case No. 24-cv-361-RGA<br><br>**CLASS ACTION** |
| TODD MASEL, Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>THE CHEMOURS COMPANY, MARK E. NEWMAN, SAMEER RALHAN, and JONATHAN LOCK,<br><br>            Defendants. | Case No. 24-cv-377-RGA<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW OF CINDY NGUYEN FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF COUNSEL**

Dated: May 20, 2024

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiff and the Class*

**THE ROSEN LAW FIRM, P.A**.
Laurence Rosen
Phillip Kim
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................ 1

ARGUMENT .................................................................................................................................. 4

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................ 4

    II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

        A.    Movant Is Willing to Serve as Class Representative ........................................ 5

        B.    Movant Has the Largest Financial Interest in the Action ................................. 5

        C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 6

        D.    Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ................................................................................ 7

    III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ....................... 7

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**

*Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Ore. Oct. 3, 2014) ............... 4

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008) ...................................................... 6

*In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) ............................................ 1

*In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998). .......................... 6

*In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ................................. 5

**STATUTES**

15 U.S.C. § 78u-4 ............................................................................................................... passim

**RULES**

Fed. R. Civ. P. 42(a) ...................................................................................................................... 4

Fed. R. Civ. P. 23 .......................................................................................................................... 6

Plaintiff Cindy Nguyen ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) consolidating the above-captioned actions;

(b) appointing Movant as Lead Plaintiff for the class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of The Chemours Company ("Chemours" or the "Company") between February 10, 2023 and February 28, 2024, inclusive (the "Class Period")[1];

(c) and approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Farnan LLP ("Farnan") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on March 21, 2024 against the Company, Mark Newman, Jonathan Lock, Camela Wisel, and Sameer Ralhan for violations under the Exchange Act. The next day, an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Farnan Decl., Ex. 1. The related action, *Masel v. The Chemours Company., et al*., Case No. 1:24-cv-00377-RGA (D. Del.) (the "*Masel* Action") was filed on March 25, 2024, alleging substantially similar claims under

---

[1] The first-filed action, *Taylor v. The Chemours Company, et al.*, Case No. 1:24-cv-00361-RGA, has a class period of February 10, 2023 through February 28, 2024, inclusive. The later-filed action, *Masel v. The Chemours Company, et al.*, Case No. 1:24-cv-00377-RGA, has a class period of April 28, 2023 through February 28, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See e.g., In re Gentiva Sec. Litig*., 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc., 2014 WL 4954398*, at *10 (D. Ore. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

1

the Exchange Act against the Company, Mark Newman, Jonathan Lock, and Sameer Ralhan covering a Class Period of April 28, 2023 through February 28, 2024.

Chemours is an industrial and specialty chemical company for a number of markets including, among others, the "coatings, plastics, refrigeration and air conditioning, transportation, semiconductor and consumer electronics, general industrial, and oil and gas" markets. Chemours describes itself as a "leading, global provider of performance chemicals that are key inputs in end-products and processes in a variety of industries."

According to the complaints, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) certain of the Company's senior executive officers manipulated Free Cash Flow (defined as cash flows from operations, less purchases of property, plant, and equipment) targets as a means to maximize additional cash and stock incentive compensation applicable to executive officers pursuant to the Company's Annual Incentive Plans ("AIPs") and Long-Term Incentive Plans ("LTIPs"); (2) the Company's accounting practices and procedures, including its internal control over financial reporting, were weak and deficient; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects lacked a reasonable basis.

Then on February 13, 2024, when Chemours "announced that it ha[d] postponed the release of its financial results and conference call related to the fourth quarter and full year ended December 31, 2023, which had previously been scheduled for February 14, 2024 and February 15, 2024, respectively," and that it now "expect[ed] to issue its fourth quarter and full year 2023 financial results after market close on Wednesday, February 28, 2024." According to the Company, the delay was necessary "because it needs additional time to complete its year-end reporting process" and "is evaluating its internal control over financial reporting … with respect to maintaining effective controls related to information and communications." Chemours also

revealed that it needed additional time for its Audit Committee to conduct a related internal review. On this news, the price of Chemours common stock fell $3.85 per share, or 12%, to close at $26.64 per share on February 14, 2024.

Then on February 29, 2024, the Company announced that it was delaying the filing of its annual report for 2023 and that its Board of Directors had "place[d] President and Chief Executive Officer Mark Newman, Senior Vice President and Chief Financial Officer Jonathan Lock and Vice President, Controller and Principal Accounting Officer Camela Wisel on administrative leave … pending the completion of an internal review being overseen by the Audit Committee of the Board of Directors with the assistance of independent outside counsel." According to the Company, the scope of the investigation "includes the processes for reviewing reports made to the Chemours Ethics Hotline" and Chemours' "practices for managing working capital, including the related impact on metrics within the Company's incentive plans [and] certain non-GAAP metrics" in the Company's financial reports. Given the importance of these issues—not only to executive compensation, but also investors' assessment of Chemours' financial performance—the Company acknowledged that it "is evaluating one or more potential material weaknesses in its internal control over financial reporting as of December 31, 2023 with respect to maintaining effective controls related to the control environment, including the effectiveness of the 'tone at the top' set by certain members of senior management." On this news, the price of Chemours common stock fell $9.05 per share, or 31%, to close at $19.67 per share on February 29, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

I. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

II. **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

4

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and are willing to provide testimony at deposition and trial, if necessary. *See* Farnan Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Movant purchased 421 shares of Chemours, expended total net funds of $12,279, and suffered an approximate loss of $1,037. *See* Farnan Decl., Ex. 3. Movant

5

is not aware of any other movant that has a larger financial interest in Chemours stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Her claims share substantially similar questions of law and fact with the members of the class and her claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant, as did all of the members of the class, purchased Chemours shares at prices artificially

inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class have been discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Additionally, Movant lives in California, holds a college degree, and has several years of investing experience. She is currently an R&D technician.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

7

interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Farnan as Liaison Counsel. Rosen Law has been actively researching Movant's and the Class's claims, including commencing the *Masel* Action, reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Farnan Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of Rosen Law as Lead Counsel and Farnan as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 20, 2024                          Respectfully submitted,

                                                                         **FARNAN LLP**

                                                                         By: _/s/ Brian E. Farnan_
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for Plaintiff and the Class*

Laurence Rosen
Phillip Kim
**THE ROSEN LAW FIRM, P.A**.
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*