**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| The Chemours Company Securities Litigation, | C.A. No. 24-361-RGA <br><br> <u>CLASS ACTION</u> |

**<u>DEFENDANT JONATHAN LOCK'S MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT</u>**

Defendant Jonathan Lock, by and through his undersigned attorneys, moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Amended Class Action Complaint for Violations of Federal Securities Laws (the "AC"). Mr. Lock submits the accompanying Brief and Exhibits in support of this Motion ("Lock Br."), and also relies on the contemporaneously filed Brief in support of the Chemours Company's Motion to Dismiss ("Chemours Br."), along with accompanying Exhibits, to further support this Motion.

In support of this Motion, Mr. Lock states the following:

(1) The AC alleges violations of Section 10(b) (and SEC Rule 10b-5 promulgated thereunder) and Section 20(a) of the Securities Exchange Act of 1934. These securities fraud claims are subject to the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 9(b). *See* Lock Br. at 1, 4, 10; Chemours Br. at 10.

(2) The AC fails to state a claim under Section 10(b) and Rule 10b-5(b) as to Mr. Lock because it does not adequately allege that any statement made by Mr. Lock was false or misleading when made. *See* Lock Br. at 4–7; Chemours Br. at 10–19.

(3) The AC fails to state a claim under Section 10(b) and Rule 10b-5(b) as to Mr. Lock because it does not adequately allege that Mr. Lock made any statement with the requisite scienter. *See* Lock Br. at 7–10; Chemours Br. at 20–28.

(4) The AC fails to state a claim under Section 10(b) and Rule 10b-5(a) and (c) as to Mr. Lock because it does not adequately allege that Mr. Lock committed a deceptive or manipulative act with scienter in furtherance of a scheme to defraud. *See* Chemours Br. at 30.

(5) The AC fails to state a claim under Section 20(a) as to Mr. Lock because there is no predicate violation of Section 10(b), it does not adequately allege control, and it does not adequately allege culpable participation. *See* Lock Br. at 10.

Accordingly, Mr. Lock respectfully requests that this Court dismiss all claims asserted in the AC against him with prejudice.

Of Counsel:

David A. Gordon
Geeta Malhotra
Jacqueline Pruitt
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000
dgordon@sidley.com
gmalhotra@sidley.com
jpruitt@sidley.com

Dated: October 11, 2024

*/s/ Raymond J. DiCamillo*
Raymond J. DiCamillo (#3188)
Christine D. Haynes (#4697)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
dicamillo@rlf.com
haynes@rlf.com
monasterio@rlf.com

*Counsel for Defendant Jonathan Lock*