**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| The Chemours Company Securities Litigation, | Case No. 24-cv-361-RGA<br><br>CLASS ACTION |

**OPENING BRIEF IN SUPPORT OF DEFENDANT CAMELA WISEL'S**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

OF COUNSEL:

AKIN GUMP STRAUSS
HAUER & FELD LLP
James J. Benjamin, Jr. (*pro hac vice*)
Parvin D. Moyne (*pro hac vice*)
One Bryant Park
New York, NY 10036
T: (212) 872-1000
F: (212) 872-1002

AKIN GUMP STRAUSS
HAUER & FELD LLP
Sina S. Safvati (*pro hac vice*)
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067
T: (310) 229-1000
F: (310) 229-1001

October 11, 2024

SMITH KATZENSTEIN JENKINS LLP
Kelly A. Green (Bar No. 4095)
100 West Street, Suite 1501
Wilmington, DE  19801
T: (302) 504-1657
F: (302) 652-8405

*Attorneys for Defendant Camela Wisel*

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

I.     Plaintiffs Fail to Plead Any Actionably False Or Misleading Statements Against Ms. Wisel. ...................................................................................................................... 1

II.    Plaintiffs Fail to Plead Scienter With Respect to Ms. Wisel. ............................................ 2

III.   Plaintiffs Fail to Allege a Control Person Claim Against Ms. Wisel Under Section 20(a).  4

CONCLUSION .................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Advance Auto Parts, Inc., Sec. Litig.*,
2020 WL 599543 (D. Del. Feb. 7, 2020) (Andrews, J.) .......................................................4, 5

*Bartesch v. Cook*,
941 F. Supp. 2d 501 (D. Del. 2013) (Andrews, J.) .................................................................2

*City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc.*,
713 F. Supp. 2d 378 (D. Del. 2010), *aff'd*, 442 F. App'x 672 (3d Cir. 2011)..........................3

*In re DaimlerChrysler AG Sec. Litig.*,
197 F. Supp. 2d 86 (D. Del. 2002)...........................................................................................4

*Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*,
2021 WL 4191467 (D.N.J. Sept. 15, 2021) .............................................................................3

*Institutional Invs. Grp. v. Avaya*,
564 F.3d 242 (3d Cir. 2009)......................................................................................................3

*Janus Cap. Grp., Inc. v. First Deriv. Traders*,
564 U.S. 135 (2011)...................................................................................................................2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
2015 WL 4036179 (D. Del. July 1, 2015) (Andrews, J.), *aff'd sub nom.*, *OFI
Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016) ......................................4

*Starr Invs. Cayman II, Inc. v. China MediaExpress Holdings, Inc.*,
2014 WL 4180331 (D. Del. Aug. 21, 2014) (Andrews, J.) ......................................................2

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006).......................................................................................................5

*Univ. Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*,
176 F. Supp. 3d 387 (D. Del. 2016) (Andrews, J.) ..............................................................2, 5

**Statutes**

15 U.S.C. § 78t............................................................................................................................5

15 U.S.C. § 78u-4 .......................................................................................................................3

On behalf of our client, Camela Wisel, we respectfully submit this motion to dismiss the Amended Class Action Complaint, D.I. 17 ("Complaint"). Ms. Wisel joins in the arguments presented by The Chemours Company (the "Company") in its motion to dismiss ("Company Motion") and files this separate submission to highlight certain additional points that pertain only to her.

**SUMMARY OF ARGUMENT**[1]

1. Plaintiffs have failed to plead any false or misleading statement made by Ms. Wisel. *See* Point I.

2. Plaintiffs have failed to plead scienter with respect to Ms. Wisel. *See* Point II.

3. Plaintiffs have failed to allege a control person claim against Ms. Wisel. *See* Point III.

**ARGUMENT**

**I.    Plaintiffs Fail to Plead Any Actionably False Or Misleading Statements Against Ms. Wisel.**

Beginning in September 2021, Ms. Wisel served as the Company's Vice President, Chief Accounting Officer, and Controller. Compl. ¶ 31. In this capacity, Ms. Wisel is alleged to have signed one SEC filing during the relevant period: the Company's 2022 annual report on Form 10-K. *Id*. ¶ 129. For the reasons set forth in the Company Motion, the 2022 10-K cannot support the Plaintiffs' claims against Ms. Wisel.

The Complaint contains lengthy allegations about additional alleged misrepresentations in: (a) press releases attached to Forms 8-K, *see id*. ¶¶ 119-28, 158-61, 179-81, 194-97; (b) quarterly reports on Form 10-Q, *see id*. ¶¶ 162-66, 182-86, 198-202; (c) certifications about the Company's internal accounting controls attached to the 2022 10-K and the 2023 10-Qs, *see id*. ¶¶ 210-22, (d)

---

[1] We respectfully refer the Court to the Company Motion with respect to the Nature and Stage of the Proceedings as well as the Statement of Facts.

1

investor presentations and earnings calls, *see id*. ¶¶ 134-54, 167-78, 187-93, 203-09; and (e) the 2023 proxy statement, *see id*. ¶¶ 155-57, 223.  However, Ms. Wisel is not alleged to have made *any* of the foregoing statements.  Consistent with the rule of *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), such statements cannot sustain the Complaint as to her.

In *Janus*, the Supreme Court held that "[f]or purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."  564 U.S. at 142.  To the extent that Plaintiffs seek to bootstrap Ms. Wisel into legal responsibility for SEC filings and certifications that she did not sign and public statements that she did not make, *see* Compl. ¶ 33, that gambit fails.  *Starr Invs. Cayman II, Inc. v. China MediaExpress Holdings, Inc.*, 2014 WL 4180331, at *7 (D. Del. Aug. 21, 2014) (Andrews, J.) (rejecting the "proposition that a defendant's role in drafting and editing a document is sufficient to allege that the defendant was responsible for all the misstatements and omissions in that document").  There is a total absence of pleaded facts that could support a claim against Ms. Wisel with respect to these statements.  *See Univ. Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 176 F. Supp. 3d 387, 395 (D. Del. 2016) (Andrews, J.) ("Although *Janus* recognized that attribution could be implicit from surrounding circumstances, the key question is whether a person or entity has authority over a statement.") (citations omitted).  Indeed, Plaintiffs fail to so much as mention Ms. Wisel's name in the numerous paragraphs of the Complaint describing alleged misstatements in 10-Qs, earnings calls, proxy statements, and press releases. *See* Compl. ¶¶ 119-28, 134-223.

## II.    Plaintiffs Fail to Plead Scienter With Respect to Ms. Wisel.

With respect to scienter, Plaintiffs lump together Ms. Wisel in undifferentiated fashion with the other individual defendants, *see* Compl. ¶¶ 33(f), 264, but this type of group pleading is too

"generalized and conclusory" to support an inference of scienter. *Bartesch v. Cook*, 941 F. Supp. 2d 501, 510 (D. Del. 2013) (Andrews, J.). Equally unavailing, as detailed in the Company Motion, are Plaintiffs' efforts to establish scienter by pointing generically to Ms. Wisel's role in the Company, Compl. ¶ 252, or her eligibility for incentive compensation, *id*. ¶ 228. Company Motion at 23-24, 27-28; *see also Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, 2021 WL 4191467, at *19 (D.N.J. Sept. 15, 2021) ("Courts routinely reject allegations that a defendant's 'position' within a company, even an important position, creates an inference of scienter."); *City of Roseville Emps. Ret. Sys. v. Horizon Lines, Inc.*, 713 F. Supp. 2d 378, 396 (D. Del. 2010) (defendants' alleged interest in "maximizing their own compensation" is "common to every company and thus add[s] little to an inference of fraud"), *aff'd*, 442 F. App'x 672 (3d Cir. 2011) (quoting *Institutional Invs. Grp. v. Avaya*, 564 F.3d 242, 279 (3d Cir. 2009)). And Plaintiffs' confidential witnesses say nothing about Ms. Wisel. *See* Compl. ¶¶ 107-118, 243, 255, 260-262.

As to scienter, all that is left is Plaintiffs' invocation of the Company's March 6, 2024 announcement that the Audit Committee found, after an inquiry, that Ms. Wisel and two other individuals violated an internal company policy by engaging in a "lack of transparency with the Company's Board of Directors" in relation to the timing of certain payables and receivables in the fourth quarter of 2023. *See* Compl. ¶¶ 78-83.[2] But that announcement does not contain particularized detail that would support a "strong inference," *see* 15 U.S.C. § 78u-4(b)(2)(A), that Ms. Wisel acted with scienter in connection with the 2022 10-K, which – as noted above – is the only potentially actionable statement that she is alleged to have made.

---

[2] Ms. Wisel rejects and disputes the conclusion of the Chemours Audit Committee that she violated any company policy.

The March 6, 2024 8-K asserts that Ms. Wisel and two other individuals "engaged in efforts in the fourth quarter of 2023 to delay payments to certain vendors that were originally due to be paid in the fourth quarter of 2023 until the first quarter of 2024, and to accelerate the collection of receivables into the fourth quarter of 2023 that were originally not due to be received until the first quarter of 2024." Compl. ¶ 80. However, this conduct does not pertain to the 2022 10-K, which was filed many months before the actions described in the March 6, 2024 8-K purportedly occurred. With respect to 2022 – which is the time frame that corresponds to the sole SEC filing that Ms. Wisel actually signed – the March 6, 2024 8-K uses vague language in the passive voice to describe the Audit Committee's conclusions:

> The Audit Committee also determined that similar actions, though to a lesser extent, were taken in the fourth quarter of 2022, resulting in a significant increase in these cash flow measures for the quarter ended December 31, 2022, and a decrease in these measures in the first quarter of 2023.

Compl. ¶ 81. In contrast to the findings regarding 2023, this language *does not* assert that Ms. Wisel personally engaged in wrongful conduct of any kind in 2022. Accordingly, the March 6, 2024 8-K is insufficient to sustain the requisite "strong inference" that she acted with scienter. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 2015 WL 4036179, at *3 (D. Del. July 1, 2015) (Andrews, J.) (finding scienter allegations inadequate, *inter alia*, because plaintiffs did not allege that defendants had personal knowledge that a statement was false at the time it was made), *aff'd sub nom.*, *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016).

## III.     Plaintiffs Fail to Allege a Control Person Claim Against Ms. Wisel Under Section 20(a).

"To state a claim under Section 20(a), Plaintiff must plead: (i) 'a primary violation of the federal securities law by a controlled person,'; (ii) 'control of the primary violator by the defendant'; and (iii) that the controlling person was in some meaningful way a culpable participant

in the primary violation.'" *In re Advance Auto Parts, Inc., Sec. Litig.*, 2020 WL 599543, at \*9 (D. Del. Feb. 7, 2020) (Andrews, J.) (quoting *In re DaimlerChrysler AG Sec. Litig*., 197 F. Supp. 2d 86, 100 (D. Del. 2002)).    For the reasons stated herein and in the Company Motion, Plaintiffs' Section 20(a) claim fails because Plaintiffs have not pled an underlying securities law violation. In addition, the Section 20(a) claim should be dismissed because the Complaint does not allege that Ms. Wisel controlled the Company, or that she was a culpable participant in the Company's alleged primary violation.  *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284 & n.16 (3d Cir. 2006); 15 U.S.C. § 78t(a).  The mere fact that Ms. Wisel served as an officer of the Company is insufficient to show that she was a controlling person within the meaning of Section 20(a).    *See Univ. Am. Corp.*, 176 F. Supp. 3d at 399 (dismissing 20(a) claim where control allegation was based solely on defendants' status as officers and directors).  And Plaintiffs' failure to sufficiently allege scienter against Ms. Wisel forecloses them from sufficiently alleging that she was a culpable participant in any primary violation of securities law.  *See In re Advance Auto Parts*, 2020 WL 599543, at \*10 ("Culpable participation for purposes of Section 20(a) refers to either knowing and substantial participation in the wrongdoing or inaction with the intent to further the fraud or prevent its discovery.") (citations omitted).

* * * * *

5

## CONCLUSION

For the foregoing reasons, Defendant Camela Wisel respectfully requests the Court dismiss the claims against her with prejudice.

Respectfully submitted,

Dated:  October 11, 2024

*/s/ Kelly A. Green*

Kelly A. Green (No. 4095)
**SMITH KATZENSTEIN JENKINS LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
T: (302) 504-1657
F: (302) 652-8405
kgreen@skjlaw.com

*Attorneys for Defendant Camela Wisel*

James J. Benjamin, Jr. (*pro hac vice*)
Parvin Moyne (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
44th Floor
New York, NY 10036-6745
T: (212) 872-1000
F: (212) 872-1002
jbenjamin@akingump.com
pmoyne@akingump.com

Sina S. Safvati (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
T: (310) 229-1000
F: (310) 229-1001
ssafvati@akingump.com

*Of Counsel for Defendant Camela Wisel*

6