**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| The Chemours Company Securities Litigation, | Case No. 24-cv-361-RGA<br><br>CLASS ACTION |

**REPLY BRIEF IN SUPPORT OF DEFENDANT CAMELA WISEL'S**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

OF COUNSEL:

AKIN GUMP STRAUSS
HAUER & FELD LLP
James J. Benjamin, Jr. (*pro hac vice*)
Parvin D. Moyne (*pro hac vice*)
One Bryant Park, 44th Floor
New York, NY 10036
T: (212) 872-1000
F: (212) 872-1002

AKIN GUMP STRAUSS
HAUER & FELD LLP
Sina S. Safvati (*pro hac vice*)
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
T: (310) 229-1000
F: (310) 229-1001

January 21, 2025

SMITH KATZENSTEIN JENKINS LLP
Kelly A. Green (Bar No. 4095)
100 West Street, Suite 1501
Wilmington, DE  19801
T: (302) 504-1657
F: (302) 652-8405

*Attorneys for Defendant Camela Wisel*

**TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................................... 1

   I.   Plaintiffs Fail to Plead Any Actionable Misstatements by Ms. Wisel. .................................. 1

   II.  Plaintiffs Fail to Plead Scienter with Respect to Ms. Wisel.................................................. 2

   III. Plaintiffs Fail to Plead Control Person Liability with Respect to Ms. Wisel........................ 4

CONCLUSION..................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Astea Int'l Inc. Sec. Litig.*,
    No. CIV.A. 06-1467, 2007 WL 2306586 (E.D. Pa. Aug. 9, 2007) ..............................................4

*Dudley v. Haub*,
    No. 2:11–cv–05196, 2013 WL 1845519 (D.N.J. Apr. 30, 2013) ................................................5

*ECA, Loc. 134 IBEW Joint Pension Tr. v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009)......................................................................................................4

*GSC Partners CDO Fund v. Washington*,
    368 F.3d 228 (3d Cir. 2004)..................................................................................................3, 4

*Mulderrig v. Amyris, Inc.*,
    492 F. Supp. 3d 999 (N.D. Cal. 2020) ......................................................................................4

*In re Nature's Sunshine Prods. Sec. Litig.*,
    486 F. Supp. 2d 1301 (D. Utah 2007)........................................................................................3

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
    732 F. Supp. 3d 300 (S.D.N.Y. 2024)........................................................................................4

*SEC v. Desai*,
    145 F. Supp. 3d 329 (D.N.J. 2015) ...........................................................................................3

*SEC v. Lucent Techs., Inc.*,
    363 F. Supp. 2d 708 (D.N.J. 2005) ...........................................................................................3

*Tuchman v. DSC Commc'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994).....................................................................................................4

*Vanderhoef v. China Auto Logistics Inc.*,
    No. 2:18-cv-10174, 2020 WL 5105243 (D.N.J. Aug. 31, 2020) ...............................................3

On behalf of our client, Camela Wisel, we respectfully submit this reply brief in support of our motion to dismiss the Amended Class Action Complaint, D.I. 17 ("Complaint"). Ms. Wisel joins in the arguments presented by The Chemours Company (the "Company") in its reply brief ("Company Reply") and files this separate submission to highlight certain additional points that pertain only to her.

## ARGUMENT

### I.    Plaintiffs Fail to Plead Any Actionable Misstatements by Ms. Wisel.

In their opposition brief, D.I. 58 ("Plaintiffs' Wisel Opp."), Plaintiffs concede that because Ms. Wisel signed *only* the 2022 10-K, the numerous other SEC filings and public statement cited in the Complaint cannot support the claims against her. Plaintiffs' Wisel Opp. 3-4. Notably, Plaintiffs devote the vast majority of their principal opposition brief, D.I. 54 ("Plaintiffs' Principal Opp.") to a discussion of *other* statements by *other* individuals, none of which can support the claims against Ms. Wisel. *See* Plaintiffs' Principal Opp. 4-7, 11-12, 17-20 (discussing 10-Qs, earnings releases, statements on earnings calls, and SOX certifications).

With respect to the 2022 10-K, Plaintiffs have not adequately alleged that it contains a false statement. In an effort to demonstrate falsity, Plaintiffs selectively quote a portion of the MD&A section of the report, *see* Plaintiffs' Principal Opp. at 5 and 17, but they omit another part of that very same MD&A section: language stating that the change in "operating cash inflows for the year ended December 31, 2022" was a function of, among other factors, the "impact of timing of payment on accounts payable and collection of our accounts receivable." *See* D.I. 50-1 at 50 (2022 10-K at 48). This disclosure specifically *highlighted* the role of the timing of payments and collections with respect to cash flow results for the period covered by the 2022 10-K. Quixotically, this is the very fact that Plaintiffs claim was suppressed. *See* Company Reply at 4-5. The Complaint's allegations of falsity are unsustainable.

**II.    Plaintiffs Fail to Plead Scienter with Respect to Ms. Wisel.**

As to scienter, Plaintiffs place near-exclusive reliance on the findings of the Chemours Audit Committee, but those findings do not support the requisite strong inference of scienter with respect to Ms. Wisel.  With respect to the fourth quarter of 2022 – which is the only period relevant for the 2022 10-K – the Audit Committee used vague language, in the passive voice, to describe its conclusions.  *See* Compl. ¶ 81 ("similar actions, though to a lesser extent, were taken in the fourth quarter of 2022").  As we argued in our opening brief, this language does not support an inference that Ms. Wisel – as opposed to other, unnamed members of management – made efforts to affect the timing of payments or receivables in 2022.

Plaintiffs seek to brush aside this argument as a mere "linguistic difference," Plaintiffs' Wisel Opp. 6, but they offer nothing in the way of *actual facts* to support their proposed inference that Ms. Wisel acted with scienter in 2022.  Indeed, given the Complaint's skeletal discussion of Ms. Wisel, it is far more plausible to conclude that Plaintiffs have *failed* to establish a strong inference of scienter.  Plaintiffs offer zero specifics about Ms. Wisel's alleged role in the efforts to affect cash flow results, nor do they address the potentially relevant distinctions between year-end 2022 and year-end 2023, including changes in the composition of the company's senior management and the fact that (as described by the Audit Committee) the efforts in Q4 2022 were smaller in scale than in Q4 2023.  Instead, Plaintiffs rest their scienter case solely on the findings of the Audit Committee.  But if the Audit Committee had determined that Ms. Wisel was involved in actions to affect the timing of payments and receivables in 2022, one would have expected them to say so – and they did not.

In an effort to establish scienter by Ms. Wisel, Plaintiffs point to two other portions of the Audit Committee findings:  regarding a supposed "cover-up" by members of management, as well

as an alleged motive to achieve incentive compensation.  Plaintiffs' Wisel Opp. 5-6.  Both arguments fail.

Contrary to Plaintiff's inflammatory rhetoric, there was no finding of any "cover-up."  The Audit Committee determined that Mr. Newman, Mr. Lock, and Ms. Wisel displayed a "lack of transparency" with the Board in 2023 regarding the details of the efforts to affect the timing of payables and receivables.  Compl. ¶¶ 79, 89.  This is vastly different from the cases cited by Plaintiffs, in which a defendant engaged in independently wrongful conduct (such as paying bribes or violating GAAP) and then affirmatively lied about it when asked.  *See In re Nature's Sunshine Prods. Sec. Litig.*, 486 F. Supp. 2d 1301, 1304-05 (D. Utah 2007) (as reflected in a letter from KPMG to the SEC, a special committee investigation found that the company's CEO approved bribe payments and then submitted a false management representation letter to the external auditors); *SEC v. Lucent Techs., Inc.*, 363 F. Supp. 2d 708, 712 (D.N.J. 2005) (defendants entered into an oral side agreement, improperly recognized revenue in violation of GAAP, and then wrote a false letter to the company's chief accounting officer denying any side agreements).  *See* Company Reply at 11.[1]

The Complaint's bare-bones allegations regarding incentive compensation are likewise insufficient to support a strong inference of scienter.  *See id*. at 12.  Courts have repeatedly found that generalized allegations regarding performance-based incentive compensation do *not* support a strong inference of scienter.  *See, e.g.*, *GSC Partners CDO Fund v. Washington*, 368 F.3d 228,

---

[1] In their principal opposition brief, Plaintiffs cite two additional "cover-up" cases, but both are obviously distinguishable.  *See SEC v. Desai*, 145 F. Supp. 3d 329, 332-33 (D.N.J. 2015) (defendant scammed investors, used their funds for his personal expenses, created false account statements, and ultimately pled guilty to criminal charges); *Vanderhoef v. China Auto Logistics Inc.*, No. 2:18-cv-10174, 2020 WL 5105243, at *1-3 (D.N.J. Aug. 31, 2020) (Chinese issuer engaged in material, undisclosed related party transactions and then impeded a subsequent investigation).

237-38 (3d Cir. 2004) ("incentive compensation can hardly be the basis on which an allegation of fraud is predicated") (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *In re Astea Int'l Inc. Sec. Litig.*, No. CIV.A. 06-1467, 2007 WL 2306586, at *12 (E.D. Pa. Aug. 9, 2007) ("Increased officer compensation is a noted example of a motive allegation too generalized to demonstrate scienter."). The Complaint points to formulas for determining incentive compensation laid out in Chemours' 2023 and 2024 proxy statements, Compl. ¶¶ 226-35, but those formulas discussed compensation packages for a select group of "Named Executive Officers ('NEOs')," which did *not* include Ms. Wisel in either year. *See* D.I. 45-1 at 170 (2023 Proxy Statement at 27); *id.* at 74 (2024 Proxy Statement at 31). And plaintiffs' cases are distinguishable on the facts. *See San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 732 F. Supp. 3d 300, 318 (S.D.N.Y. 2024) (recognizing that "bonuses based on corporate earnings and higher stock prices do[] not typically strengthen the inference of scienter," but finding the allegations probative when plaintiffs alleged a "direct link" between wrongful conduct and "substantial" bonuses to senior executives, along with additional evidence of wrongful intent) (quoting *ECA, Loc. 134 IBEW Joint Pension Tr. v. JP Morgan Chase Co.*, 553 F.3d 187, 201 (2d Cir. 2009)); *Mulderrig v. Amyris, Inc.*, 492 F. Supp. 3d 999, 1029 (N.D. Cal. 2020) (scienter found where defendants were alleged to have overstated revenues after bonus structure was changed to depend *entirely* on revenues).[2]

### III.    Plaintiffs Fail to Plead Control Person Liability with Respect to Ms. Wisel.

Plaintiffs' control person claims are based on nothing more than the Audit Committee findings, *see* Plaintiffs' Wisel Opp. 7-8, but because Plaintiffs have failed to plead falsity or

---

[2] In a single, throwaway sentence, Plaintiffs seek to establish scienter by invoking scheme liability, Plaintiffs' Wisel Opp. 7, but this legal incantation does not and cannot provide the necessary specific facts to establish a strong inference of scienter by Ms. Wisel.

scienter, as would be necessary to state a claim for an underlying Section 10(b) violation, they "cannot state a claim under Section 20(a) either." *Dudley v. Haub*, No. 2:11–cv–05196, 2013 WL 1845519, at *20 (D.N.J. Apr. 30, 2013).  In particular, Plaintiffs' failure to plead scienter against Ms. Wisel makes it impossible for them to establish the "culpable participation" that would be required to pursue a control person claim against her.  *Id*. at *21.

### CONCLUSION

For the foregoing reasons, Defendant Camela Wisel respectfully requests the Court dismiss the claims against her with prejudice.

Respectfully submitted,

Dated:  January 21, 2025

/s/ Kelly A. Green
Kelly A. Green (Bar No. 4095)
**SMITH KATZENSTEIN JENKINS LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
T: (302) 504-1657
F: (302) 652-8405
kgreen@skjlaw.com
*Attorneys for Defendant Camela Wisel*

James J. Benjamin, Jr. (*pro hac vice*)
Parvin D. Moyne (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park, 44th Floor
New York, NY 10036-6745
T: (212) 872-1000
F: (212) 872-1002
jbenjamin@akingump.com
pmoyne@akingump.com

Sina S. Safvati (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
T: (310) 229-1000
F: (310) 229-1001
ssafvati@akingump.com
*Of Counsel for Defendant Camela Wisel*

5